```
UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In Re:                            :
SAWYER FERGUSON WALKER COMPANY, INC
                                  :    Case No. 99B-44531 AJG
                                  :
                                  :    (Chapter 7)
                    Debtor(s)     :
----------------------------------X
```

## TRUSTEE'S FINAL REPORT

    Gregory Messer, trustee of the estate of the above-captioned Debtor(s), certifies to the Court and the United States Trustee pursuant to FRBP 5009, that the trustee has faithfully and properly fulfilled the duties of the office of the trustee, that the trustee has examined all proofs of claims as appropriate under the proposed distribution, and that the final report and proposed distribution, attached thereto, is proper and consistent with the law and rules of the court.
    Therefore, the trustee requests that the Final Report be accepted.

Date: May 10, 2004

*/s/ Gregory Messer*

GREGORY MESSER
Trustee

---

### REVIEWED BY THE UNITED STATES TRUSTEE

I have reviewed the Trustee's Final Report.

**DEIRDRE A. MARTINI**
**UNITED STATES TRUSTEE**

Dated: *6/9/04*   By: */s/ Paul Schwartzberg*

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
In Re:                              :
SAWYER FERGUSON WALKER COMPANY, INC
                                    :    Case No. 99B-44531 AJG
                                    :
                                    :    (Chapter 7)
                        Debtor(s)   :
------------------------------------X

## TRUSTEE'S FINAL REPORT

To:  The Honorable Arthur J. Gonzalez
     United States Bankruptcy Judge

Gregory Messer, the Trustee herein, respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1. The Petition commencing this case was filed on July 20, 1999. Gregory Messer was appointed Trustee on September 21, 1999. The Section 341(a) meeting was held on February 23, 1999 and closed. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2. The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed

of pursuant to orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is <u>0.00</u>. The assets listed on Form 1 that have not been administered and are being abandoned are as follows:

4. A summary of the Trustee's Final Report as of <u>05/07/2004</u> is as follows:

    a.    Receipts (See Exhibit C)    $  <u>136,561.34</u>

    b.    Disbursements (See Exhibit C)    $  <u>13,195.70</u>

    c.    NET CASH available for distribution    $  <u>123,365.64</u>

    d.    TRUSTEE/PROFESSIONAL COSTS:

        1.    Trustee compensation requested    $  <u>6,725.72</u>
            (See Exhibit E)

        2.    Trustee Expenses (See Exhibit E)    $  <u>68.87</u>

        3.    Compensation requested by
            attorney or other professionals
            (See Exhibit F)    $  <u>100,000.00</u>

5. The Bar Date for filing unsecured claims expired on November 5, 2001.

6. Tax returns for the years 1999-2002 have been filed and copies are being filed with this report.

7. All claims filed in this case with the Clerk of the Bankruptcy Court have been, as appropriate under the distribution scheme, reviewed. (See Exhibit D) The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---|
| a. | Allowed unpaid secured claims | $ 0.00 |
| b. | Chapter 7 administrative and 28 U.S.C. §1930 claims * | $ 100,000.00 |
| c. | Allowed Chapter 11 administrative | $ 0.00 |
| d. | Allowed Priority claims | $ 1,011,163.86 |
| e. | Allowed Unsecured claims | $ 8,009,081.47 |

8. The Trustee proposes that unsecured creditors receive a distribution of 0.00% of allowed claims.

* **The Trustee and the professionals are taking a 30% reduction in their fees to allow payment of 50% of the allowed claim to Priority Wage claimants.**

9.  Total compensation previously awarded to Trustee's counsel, accountant or other professional was 0.00. Trustee's attorney's, accountant's, or other professional's compensation requested but not yet allowed is 93,205.41. The total of chapter 7 professional fees and expenses requested for final allowance is 93,205.41. (See Exhibit F). **\* The professionals are taking a 30% reduction in their fees to allow payment of 50% of the allowed claim to the Priority Wage claimants.**

10.  A fee of 0.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an adjustment of those fees pursuant to 11 U.S.C. §329(b).

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct. The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

DATE: May 10, 2004

RESPECTFULLY SUBMITTED:
 /s/ *Gregory Messer*
_____
GREGORY MESSER
LAW OFFICES OF
GREGORY MESSER, PLLC
395 PEARL STREET
2ND FLOOR
BROOKLYN, NY  11201
Telephone # (718) 858-1474

# EXHIBIT A

# TASKS PERFORMED BY TRUSTEE

a. Examined the petition, schedules and statement of affairs to determine what actions could be brought to benefit this estate.

b. Examined the principal of the debtor at a §341(a) meeting.

c. Negotiated the settlement dispute between Safra National Bank, the sublandord of the debtor, and the party who had gained access to the debtor's premises.

d. Through my attorneys commenced a leveraged buyout action against 22 defendants and negotiated the settlement of this action.

e. Reviewed the claims.

f. Made and filed this final report.

# EXHIBIT B

# DISPOSITION OF ESTATE PROPERTY

FORM 1 FROM 180 DAY REPORT
(SEE ATTACHED)

# EXHIBIT C

**FORM 2 FROM 180 DAY REPORT**
**(SEE ATTACHED)**

EXHIBIT D

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In Re:                            :
SAWYER FERGUSON WALKER COMPANY, INC
                                  :     Case No. 99B-44531 AJG
                                  :
                                  :     (Chapter 7)
                      Debtor(s)   :
----------------------------------X

## DISTRIBUTION REPORT

    I, Gregory Messer, Trustee herein, certify that claims filed and docketed in this case by the Clerk of the Bankruptcy Court, have, consistent with the proposed distribution, been reviewed, and all orders of Court have been examined, and state that based on the review I propose to make the following distribution:

### SUMMARY OF DISTRIBUTION:

| | |
|---|---:|
| Chapter 7 Administrative Expenses: | $ 100,000.00 |
| Chapter 11 Administrative Expenses: | $ 0.00 |
| Priority Claims (507(a)(3)-(a)(6): | $ 23,365.64 |
| Secured Tax Liens: | $ 0.00 |
| Priority Tax Claims: | $ 0.00 |
| General Unsecured Claims | $ 0.00 |
| **TOTAL AMOUNT TO BE DISTRIBUTED:** | **$ 123,365.64** |

| 1. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (B) and §507(a)(1) | $100,000.00 | 100.00% |
| (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | | |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | ELI ROSMAN CPA | 33,201.74 | 33,201.74 |
| | ELI ROSMAN CPA | 269.65 | 269.65 |
| | LAMONICA HERBST & MANISCALCO, LLP | 55,643.91 | 55,643.91 |
| | LAMONICA HERBST & MANISCALCO, LLP | 4,090.11 | 4,090.11 |
| | GREGORY MESSER | 6,725.72 | 6,725.72 |
| | GREGORY MESSER | 68.87 | 68.87 |

| 2. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in-possession (DIP) administrative expenses) | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

| 3. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | | | |

| 4. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(3) - Wages, salaries or commissions limited to $2,000.00 | $23,990.29 | 97.40% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| | I.R.S. | 1,439.41 | 1,401.93 |
| | I.R.S. | 4,798.10 | 4,673.17 |
| | NYS DEPT OF TAXATION & FINANCE | 1,199.47 | 1,168.24 |
| | NYS DEPT OF TAXATION & FINANCE | 239.94 | 233.69 |
| 8 | Terrell A. Moore | 1,274.78 | 1,241.59 |
| 9 | Carol Rudin | 1,274.78 | 1,241.59 |
| 10 | Robert G. Huthwaite | 1,274.78 | 1,241.58 |
| 12 | Mr. Leroy Nelson | 1,016.00 | 989.55 |
| 14 | Herbert R. Russel | 1,274.78 | 1,241.59 |
| 17 | Marcella M. Huston | 1,274.78 | 1,241.59 |
| 18 | DONALD W. STEMMERMANN | 1,274.79 | 1,241.59 |
| 19 | JOEL D. MCCABE | 1,274.78 | 1,241.59 |
| 20 | DANIEL S. TOMLINSON JR | 1,274.78 | 1,241.59 |
| 21 | RONALD M. SIMPSON | 1,274.78 | 1,241.59 |
| 22 | JONATHAN THOMPSON | 1,274.78 | 1,241.58 |
| 25 | BEN ZANGARA | 1,274.78 | 1,241.59 |
| 26 | JEFFREY V. SMITH | 1,274.78 | 1,241.59 |

| 5. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(4) - Contributions to Employee Benefit Funds | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 6. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(5) - Farmers' and Fishermen's claims to the extent of $2,000.00 | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 7. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | 507(a)(6) - Deposits by consumers to the extent of $900.00 | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 8. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | 507(a)(7) - Alimony | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 9. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §724(b) - Tax Liens | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 10. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|

| | | |
|---|---|---|
| §507(a)(8) - Tax claims excluding fines and penalties | $987,173.57 | 0.00% |

| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |
|---|---|---|---|

| **11.** | **TYPE OF CLAIMS** | **TOTAL AMOUNT OF CLAIMS** | **FINAL DIVIDEND %** |
|---|---|---|---|
| | §507(a)(9) - Capital Commitments to FDIC, et al. | $0.00 | 0.00% |

| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |
|---|---|---|---|

| **12.** | **TYPE OF CLAIMS** | **TOTAL AMOUNT OF CLAIMS** | **FINAL DIVIDEND %** |
|---|---|---|---|
| | §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | $7,419,808.24 | 0.00% |

| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |
|---|---|---|---|

| **13.** | **TYPE OF CLAIMS** | **TOTAL AMOUNT OF CLAIMS** | **FINAL DIVIDEND %** |
|---|---|---|---|
| | §726(a)(3) - Late unsecured claims | $589,273.23 | 0.00% |

| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |
|---|---|---|---|

| **14.** | **TYPE OF CLAIMS** | **TOTAL AMOUNT OF CLAIMS** | **FINAL DIVIDEND %** |
|---|---|---|---|
| | §726(a)(4) - Fines/penalties | $0.00 | 0.00% |

| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |
|---|---|---|---|

| 15. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §726(a)(5) - Interest | $0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 16. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §726(a)(6) - Surplus to Debtor | $0.00 | |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED /WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|
| Unsecured | 3 | Herbert R. Russel<br>289 Oxford Road<br>Des Plaines, Il 60016 | $15,976.00 | |
| Unsecured | 4 | G.E.M. Auction Corp.<br>499 Van Brunt Street<br>Brooklyn, NY 11231 | $633.30 | |
| Unsecured | 13 | Marcella M. Huston<br>8 Peter Cooper Road<br>Apt. #7B<br>New York, NY 10010 | $5,305.00 | |
| Unsecured | 16 | NYC Dept. of Finance<br>Bankruptcy & Assignment Unit<br>345 Adams Street 10th Floor<br>Brooklyn, NY 11201 | $11,000.00 | |
| Unsecured | 24 | JOHN M. KEPHART<br>9018 BALBOA BLVD # 274<br>NORTHRIDGE, CA 91325 | $5,448.73 | |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: May 10, 2004

*/s/ Gregory Messer*

GREGORY MESSER, Trustee

EXHIBIT E

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In Re:                             :
SAWYER FERGUSON WALKER COMPANY, INC
                                   :    Case No. 99B-44531 AJG
                                   :
                                   :    (Chapter 7)
                        Debtor(s) :
----------------------------------X

## TRUSTEE'S APPLICATION FOR COMPENSATION AND EXPENSES

To:  The Honorable Arthur J. Gonzalez
     United States Bankruptcy Judge

Gregory Messer, the Trustee herein, pursuant to 11 U.S.C. §330, requests $6,725.72* as compensation and $68.87 for reimbursement of expenses, $0.00 amount of which has previously been paid.

### I. COMPUTATION OF COMPENSATION

Total disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $136,561.34. Pursuant to 11 U.S.C. §326, compensation should be computed in the following manner:

| | | |
|---|---|---|
| 25% on 1st $5,000.00 | $ 1,250.00 | ($1,250.00 max) |
| 10% on next $45,000.00 | $4,500.00 | ($4,500.00 max) |
| 5% on next $950,000.00 | $4,328.07 | ($47,500.00 max) |
| 3% of balance | $ 0.00 | |
| TOTAL COMPENSATION | $ 10,078.07 | |

**\* The Trustee has taken a 30% reduction in his fees to allow payment of 50% of the allowed Priority wage claimants.**

| | |
|---|---|
| Copies (262.00 copies @ 20.00¢/copy) | $ 52.40 |
| Postage | $ 27.15 |
| Long Distance Telephone | $ |
| Supplies | $ 5.00 |
| Distribution Expenses | $ 6.32 |
| Other (explain): | $ 0.00 |
| TOTAL EXPENSES | $ 103.12 |

The undersigned certifies under penalty of perjury that no agreement or understanding exists between the undersigned and any other person for sharing of compensation prohibited by the Bankruptcy Code. No payments have previously been made or promised in any capacity in connection with the above case. Executed this 10th day of May, 2004

*/s/ Gregory Messer*

GREGORY MESSER, Trustee
LAW OFFICES OF GREGORY MESSER
395 PEARL STREET
2ND FLOOR
BROOKLYN, NY 11201
Telephone # (718) 858-1474

Sawyer Ferguson Walker Company, Inc., 99-44531-AJG

TIME RECORDS

| Date | Description | Hours |
|---|---|---|
| 9/27/99 | Meeting with Federbush at property re: sale of lease | 5 hrs. |
| 9/29/99 | Phone call Gary Herbst re: sale of lease | .2 hrs. |
| 10/1/99 | Phone call Gary Herbst re: sale of lease | .2 hrs. |
| 10/6/99 | Phone call Gary Herbst re: sale of lease | .2 hrs. |
| 10/7/99 | Phone call Gary Herbst re: sale of lease | .2 hrs. |
| 10/8/99 | Phone call Gary Herbst re: sale of lease | .2 hrs. |
| 10/12/99 | Phone call Gary Herbst re: sale of lease | .2 hrs. |
| 10/20/99 | Review motion for approval of settlement with landlord | .5 hrs. |
| 10/26/99 | Phone call Gary Herbst, re: sale of lease | .2 hrs. |
| 10/27/99 | Review Zuckerman letter and attached documents re: sublease obligation | 1 hr. |
| 11/4/99 | Phone call Gary Herbst re: sale of lease | .2 hrs. |
| 11/8/99 | Meeting with Bruce Nathan, Adrien and Gary Herbst re: sale of lease | 3 hrs. |
| 11/10/99 | Attendance at hearing re: sale of lease | 5 hrs. |
| 11/11/99 | Telephone call Gary Herbst re: sale of lease | .2 hrs. |
| 1/28/00 | Review of petition, schedules and statement of affairs | 1 hr. |
| 6/7/00 | Review of motion for 2004 exam | .2 hrs. |
| 8/17/00 | Conference call with Herbst and Ross re: leverage buy out | 1 hr. |
| 11/9/00 | Conference with Lampert and Herbst re: adversary proceeding | 1 hr. |
| 2/1/01 | Phone call with Herbst re: leverage buy out action | .2 hrs. |
| 3/21/01 | Review petition, schedules and statement of affairs | .5 hrs. |
| 4/18/01 | Meeting with Gary Lampert, Eli Rosman, Gary Herbst re: leverage buy out proceeding | 2 hrs. |
| 5/4/01 | Examination of debtor at § 341(a) meeting | .5 hrs. |

| Date | Description | Hours |
|---|---|---|
| 6/12/01 | Phone call Gary Herbst re: complaint for LBO | .2 hrs. |
| 7/9/01 | Telephone call Gary Herbst re: complaint for LBO | .2 hrs. |
| 7/12/01 | Phone call Gary Herbst re: revision of complaint for LBO | .2 hrs. |
| 7/13/01 | Review complaint in adversary proceeding | .5 hrs. |
| 7/16/01 | Review complaint in adversary proceeding | .5 hrs. |
| 9/5/01 | Phone call Gary Herbst re: pretrial | .2 hrs. |
| 11/19/01 | Review of subpoenas | .2 hrs. |
| 6/10/02 | Phone call Gary Herbst re: settlement of LBO | .2 hrs. |
| 6/12/02 | Phone call Gary Herbst re: settlement of LBO | .2 hrs. |
| 6/12/02 | Phone call Gary Herbst re: settlement agreement | .2 hrs. |
| 12/4/02 | Review Herbst letter re: stipulations | .2 hrs. |
| 2/20/03 | Review of estate tax returns | .4 hrs. |
| 2/24/03 | Review Herbst letter to Gross re: pretrial hearing | .2 hrs. |
| 2/28/03 | Phone call Gary Herbst re: settlement of LBO action | .2 hrs. |
| 3/19/03 | Review motion for approval of settlement | .5 hrs. |
| 6/4/03 | Review stipulations of settlement | .5 hrs. |
| 9/10/03 | Review Herbst letter to Gross re: adjournment of hearing | .2 hrs. |
| 2/4/04 | Review motion to reduce claims | .2 hrs. |
| 3/19/04 | Phone call Gary Herbst and Eli Rosman re: reduction of fees | .5 hrs. |
| 4/21/04 | Preparation of final report | 3 hrs. |
| | Total | 31.6 hrs. |

**EXHIBIT F**

**PROFESSIONAL FEES AND EXPENSES**

|  | Previously Allowed | Pending Compensation Applications | Fees & Expenses Total |
|---|---|---|---|
| Trustee's Attorneys | | | |
| LAMONICA HERBST & MANISCALCO, LLP   Fees | 0.00 | 55,643.91 | |
| LAMONICA HERBST & MANISCALCO, LLP   Expenses | 0.00 | 4,090.11 | |
| | | | 59,734.02 |
| Trustee's Accountants | | | |
| ELI ROSMAN CPA   Fees | 0.00 | 33,201.74 | |
| ELI ROSMAN CPA   Expenses | 0.00 | 269.65 | |
| | | | 33,471.39 |
| Debtor's Attorney | | | |
| | | | 0.00 |
| Debtor's Accountant | | | |
| | | | 0.00 |
| Other Professionals | | | |
| | | | 0.00 |
| All Other Professionals | | | |
| | | | 0.00 |
| TOTAL | <u>0.00</u> | <u>93,205.41</u> | <u>93,205.41</u> |

**[Copies of all retention orders and interim compensation orders must be annexed to this Exhibit.]**